**FORM 26. Docketing Statement**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

No. 14-617

Lexmark International, Inc.

v.

Ink Technologies Printer

# DOCKETING STATEMENT

This Docketing Statement must be completed by all counsel and filed with the court within 14 days of the date of docketing. When the United States or its officer or agency is a party, this Docketing Statement must be completed by all counsel and filed with the court within 30 days of docketing. All questions must be answered or the statement will be rejected.

Name of the party you represent: Impression Products, Inc.

Party is (select one):
☑ Appellant/Petitioner  ☐ Cross-Appellant
☐ Appellee/Respondent  ☐ Intervenor

Tribunal appealed from and Case No. 1:10-cv-00564-MRB

Date of Judgment/Order: June 24, 2014   Type of Case: Patent Infringement

Relief sought on appeal: Reversal of Trial Court determination that Jazz Photo Corporation v. ITC, 264 F.3d 1094, 1105 (Fed. Cir. 2001) is still valid law.

Relief awarded below (if damages, specify): Injunction - no damages

Briefly describe the judgment/order appealed from: Parties stipulated and Court ordered that based on the Court's determination, in denying Appellant's motion to dismiss based on Jazz Photo, judgment and injunction could be entered against Appellant, subject to Appellant's maintaining its right to appeal the Court's denial of Appellant's motion to dismiss based on Jazz Photo.

Form 26

**FORM 26. Docketing Statement (continued)**

Nature of judgment (select one)

☑ Final Judgment, 28 USC 1295

☐ Rule 54(b)

☐ Interlocutory Order (specify type) _____

☐ Other (explain; *see* Fed. Cir. R. 28(a)(5)) _____

Name and docket number of any related cases pending before this court plus the name of the writing judge if an opinion was issued

None.

Brief statement of the issues to be raised on appeal
Pure issue of law, because of the decision of the U.S. Supreme Court in Kirtsaeng v. John Wiley & Sons, Inc., __US__, 133 S. Ct. 1351, 1354, 185 L. Ed.2d 392 (2012), should this Court overturn Jazz Photo Corporation v. ITC, 264 F.3d 1094, 1105 (Fed. Cir. 2001).

Have there been discussions with other parties relating to settlement of this case?

☑ Yes   ☐ No

If "yes," when were the last such discussions?

☐ Before the case was filed below?

☑ During the pendency of the case below?

☐ Following the judgment/order appealed from?

If "yes," were the settlement discussions mediated?   ☐ Yes   ☑ No

If they were mediated, by whom? _____

**FORM 26.  Docketing Statement (continued)**

---

Do you believe that this case may be amenable to mediation?   ☐ Yes   ☑ No

If you answered no, explain why not _____
This is a clean issue of law which has extended repercussions outside of the case.  Both parties want the issue decided by this Court.

Provide any other information relevant to the inclusion of this case in the court's mediation program. _____

I certify that I filed an original and one copy of this Docketing Statement with the Clerk of the United States Court of Appeals for the Federal Circuit and served a copy on counsel of record, this __25th__ day of __July__, __2014__

by: __CM/ECF__
(manner of service)

Edward F. O'Connor                    /s/Edward F. O'Connor
Name of Counsel                        Signature of Counsel

Law Firm  The Eclipse Group LLP

Address  550 West C Street, Suite 2040

City, State, ZIP  San Diego, CA 92101

Telephone Number  (619) 239-4340

FAX Number  (619) 239-0116

E-mail Address  efo@eclipsegrp.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of July, 2014, I electronically filed the foregoing Docketing Statement using the Court's CM/ECF system, which will send notification to all registered users.

/s/Edward F. O'Connor