**IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT**

| | | |
|---|---|---|
| Lexmark International, Inc., | ) | |
| | ) | |
| Plaintiff-Cross-Appellant, | ) | |
| | ) | |
| v. | ) | Nos. 14-1617 & |
| | ) | 14-1619 |
| Impression Products, Inc., | ) | |
| | ) | |
| Defendant-Appellant-Cross-Appellee. | ) | |
| ——————————————————— | ) | |

**MOTION OF INTERNATIONAL IMAGING TECHNOLOGY COUNCIL, AUTO CARE ASSOCIATION, AND AUTOMOTIVE PARTS REMANUFACTURERS ASSOCIATION FOR LEAVE TO FILE BRIEF *AMICUS CURIAE* IN SUPPORT OF DEFENDANT-APPELLANT-CROSS-APPELLEE**

Pursuant to Fed. R. App. P. 29, International Imaging Technology Council, Auto Care Association, and Automotive Parts Remanufacturers Association (the "Remanufacturing Associations") hereby respectfully request leave to file a brief *amicus curiae* in support of Impression Products, Inc., the defendant-appellant-cross-appellee in this appeal. In support of its Motion, the Remanufacturing Associations state as follows:

1.      The amici submit their brief in support of Impression Products but in opposition to the issue first presented by Lexmark's cross-appeal: That the district court correctly held, under *Quanta Computer, Inc. v. LG Elecs., Inc.,* 553 U.S. 617 (2008), that post-sale use conditions do not prevent patent exhaustion where the sales are authorized. Had amici wished to file a brief in support of the issue being raised in the appeal of Impression Products, their brief would have been due after the filing of appellant's opening brief.  However, the issue addressed by amici first was addressed by Lexmark as

1

cross-appellant, not in the opening brief of Impression Products as appellant. It therefore would have been premature and improper for amici to submit this brief before now, *i.e.*, after the brief of Impression Products as cross-appellee responding to this issue for the first time. Accordingly, amici timely submit this brief now in support of opposing arguments raised by the cross-appellee.

2. The parties have consented to the filing of the brief of the Remanufacturing Associations and agree that, given that the brief only addresses the issue first addressed in the cross-appeal, the timing for submission of this brief is proper.

3. The Remanufacturing Associations believe that their brief offers the Court a unique and broader perspective on the issues affecting this case, and the consequences of the Court's decision for competitors in aftermarkets for replacement supplies and lawful repair, for patent and antitrust law, and for consumers and ecommerce.

WHEREFORE, the Remanufacturing Associations respectfully requests that this motion to file their brief *amicus curiae* be granted.

Dated:          November 19, 2014          Respectfully submitted,


*/s/ Seth D. Greenstein*
Seth D. Greenstein
   *sgreenstein@constantinecannon.com*
CONSTANTINE CANNON LLP
1001 Pennsylvania Avenue, NW
Suite 1350 North
Washington, D.C.  20004
Telephone: (202) 204-3500
Facsimile:  (202) 204-3501

Attorneys for *Amicus Curiae*
International Imaging Technology Council,
Auto Care Association, and Automotive
Parts Remanufacturers Association

Form 9

FORM 9. Certificate of Interest

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Lexmark International, Inc. v. Impression Products, Inc.

No. 14-1617 & 1619

# CERTIFICATE OF INTEREST

Counsel for the (petitioner) (appellant) (respondent) (appellee) (amicus) (name of party)

Amicus Curiae certifies the following (use "None" if applicable; use extra sheets if necessary):

1.　　The full name of every party or amicus represented by me is:

International Imaging Technology Council;

Auto Care Association; and

Automotive Parts Remanufacturers Association

2.　　The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

3.　　All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

None

4.　☑　The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

Seth D. Greenstein

Constantine Cannon LLP, 1001 Pennsylvania Avenue, NW, Suite 1300 North, Washington, DC 20004

November 19, 2014

Date

/s/Seth D. Greenstein

Signature of counsel

Seth D. Greenstein

Printed name of counsel

Please Note: All questions must be answered

cc: _____

124

## CERTIFICATE OF SERVICE

I certify that on November 19, 2014 the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

/s/ Seth D. Greenstein
Seth D. Greenstein
Constantine Cannon LLP
1001 Pennsylvania Ave., N.W.
Suite 1300N
Washington, D.C. 20004
(202) 204-3500

*Counsel for Amicus Curiae*

November 19, 2014