# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

| | |
|---|---|
| Lexmark International, Inc., ) | |
| ) | |
| Plaintiff-Cross-Appellant, ) | |
| ) | |
| v. ) | Nos. 14-1617 & |
| ) | 14-1619 |
| Impression Products, Inc., ) | |
| ) | |
| Defendant-Appellant-Cross-Appellee, ) | |
| ) | |
| Quality Cartridges, Inc., John Does, 1-20, ) | |
| Blue Trading LLC, Exprint International, Inc., ) | |
| LD Products, Inc., Printronic Corporation, ) | |
| Tesen Development (Hong Kong) Co. Ltd., ) | |
| Benigno Aveda And His Companies, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## MOTION OF *AMICI CURIAE* INTERNATIONAL IMAGING TECHNOLOGY COUNCIL, AUTO CARE ASSOCIATION, AND AUTOMOTIVE PARTS REMANUFACTURERS ASSOCIATION FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT IN SUPPORT OF DEFENDANT-APPELLANT-CROSS-APPELLEE

Pursuant to Fed. R. App. P. 27 and 29(g), *amici curiae* International Imaging Technology Council, Auto Care Association, and Automotive Parts Remanufacturers Association (the "Remanufacturing Associations") hereby respectfully move to participate in oral argument in support of Impression

1

Products, Inc., the defendant-appellant-cross-appellee in this appeal. The Remanufacturing Associations would address in oral argument (as in their brief) the issue presented by Lexmark's cross-appeal: That the district court correctly held, under *Quanta Computer, Inc. v. LG Elecs., Inc.,* 553 U.S. 617 (2008), that post-sale use conditions do not prevent patent exhaustion because its sales are authorized.

The Remanufacturing Associations state, in compliance with Fed. R. App. P. 26(b)(3), that Impression Products consents to this Motion, and that plaintiff-appellee-cross-appellant Lexmark International Inc. does not consent to the Motion and intends to file an opposition.

In support of its Motion, the Remanufacturing Associations state as follows:

1.   Federal Rule of Appellate Procedure 29(g) states that *amici curiae* may participate in oral argument with leave of the Court. The last substantive amendments to Rule 29 in 1998, removed the prior requirement that permission would be granted "only for extraordinary reasons." The Advisory Committee Notes explained the reason for the deletion: "The change is made to reflect more accurately the current practice in which it is not unusual for a court to permit an amicus to argue when a party is willing to share its argument time with the amicus." Here, as noted above,

Impression Products consents to this Motion. Thus, permitting the Remanufacturing Associations to participate in oral argument would be consistent with current practice among the courts.

2. The Remanufacturing Associations' participation in oral argument could assist the Court in deciding an important question of law. Repair businesses and sources of supply in numerous industries owe their very existence to the doctrine of patent exhaustion upon first sale. Lexmark's appeal (and the Remanufacturing Associations' brief) reach beyond a narrow set of facts to the broader legal question of whether the scope of exhaustion re-affirmed by the Supreme Court in *Quanta* is subject to a "conditional sales" exception. Specifically, this appeal calls upon the Court to determine how the Supreme Court's decision in *Quanta* should be applied in cases where a contractual restriction such as the Lexmark Return program terms seeks to limit post-sale uses of a product covered by one or more patents, in order to prevent competition for repairing and recycling used products. All district courts to have considered the question (including two cases involving the Lexmark "return" terms at issue in this appeal) have held, and a majority of commentators have reasoned, that *Quanta*'s reversal of this Court's *Bizcom* decision[1] necessarily reversed *sub silentio* the

---

[1] *LG Elecs., Inc. v. Bizcom Elecs., Inc.*, 453 F.3d 1364 (Fed. Cir. 2006).

principles that dictated the outcome in *Bizcom*. *See* Brief *Amicus Curiae* of the Remanufacturing Associations at 14-16.

This appeal affords this Court the first occasion post-*Quanta* to address this important issue. Impression Products represents one competitor affected by a specific practice engaged in by Lexmark. By contrast, the Remanufacturing Associations more comprehensively reflect the concerns of three distinct industries. Therefore, *amici* believe that this Court would benefit from oral argument informed by *amici*'s broader perspectives, including the impact of patent exhaustion upon domestic businesses engaged in lawful repair under *Quanta*, and the consequences of the Court's decision for competitors in aftermarkets for replacement supplies and lawful repair, for patent and antitrust law, and for consumers and ecommerce.

3.	Whereas Impression Products focused its arguments primarily on its appeal concerning exhaustion upon a foreign first sale, the Remanufacturing Associations focused solely on the domestic patent exhaustion issue in Lexmark's cross-appeal. Consequently, the Remanufacturing Associations' brief provided the deeper and more comprehensive analysis of Supreme Court case law relevant to the outcome of Lexmark's appeal. The Remanufacturing Associations respectfully submit

that the Court could benefit from oral argument from *amici* who have addressed this important issue in greater depth and detail.

    4.      The importance of legal arguments and policy issues raised by the Remanufacturing Associations also is reflected in the attention given them by Lexmark's Reply brief. More than 90 times over 23 pages, Lexmark responds to the *amici* and their brief. Virtually every reference by Lexmark to Impression Products is followed by "and its *amici*." And the single longest section of Lexmark's brief (section II) is a dedicated response to arguments raised by the Remanufacturing Associations. By its Reply, then, Lexmark attests to the unique and relevant value the Remanufacturing Associations already have contributed to a thorough evaluation of the principles at stake in this case. The Remanufacturing Associations respectfully request leave to further these contributions through oral argument and by response to the Court's questions.

WHEREFORE, the Remanufacturing Associations respectfully request that this motion be granted, and that they be granted leave to participate in oral argument.

Date:  January 4, 2015                     Respectfully submitted,


                                                      */s/ Seth D. Greenstein*
                                                     Seth D. Greenstein
                                                     *sgreenstein@constantinecannon.com*
                                                   CONSTANTINE CANNON LLP
                                                   1001 Pennsylvania Avenue, NW
                                                   Suite 1350 North
                                                   Washington, D.C.  20004
                                                   Telephone: (202) 204-3500
                                                   Facsimile:  (202) 204-3501

                                                   Attorneys for *Amicus Curiae* International Imaging Technology Council, Auto Care Association, and Automotive Parts Remanufacturers Association

# CERTIFICATE OF INTEREST

*Amici curiae* International Imaging Technology Council, Auto Care Association, and Automotive Parts Remanufacturers Association are not-for-profit associations that have no parent corporations, and no publicly held corporation owns 10 percent or more of the stock in any of the *amici*.

Date: January 4, 2015 /s/ Seth D. Greenstein
SETH D. GREENSTEIN
CONSTANTINE CANNON LLP
1001 Pennsylvania Ave., N.W.
Suite 1300N
Washington, D.C. 20004
(202) 204-3500

*Counsel for Amicus Curiae*

# CERTIFICATE OF SERVICE

I certify that on January 4, 2015 the foregoing Motion was served on all parties or their counsel of record through the CM/ECF system.

/s/ Seth D. Greenstein
SETH D. GREENSTEIN
CONSTANTINE CANNON LLP
1001 Pennsylvania Ave., N.W.
Suite 1300N
Washington, D.C. 20004
(202) 204-3500

*Counsel for Amicus Curiae*