# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

| | | |
|---|---|---|
| Lexmark International, Inc., | ) | |
| | ) | |
| Plaintiff-Cross-Appellant, | ) | |
| | ) | |
| v. | ) | Nos. 14-1617 & |
| | ) | 14-1619 |
| Impression Products, Inc., | ) | |
| | ) | |
| Defendant-Appellant-Cross-Appellee, | ) | |
| | ) | |
| Quality Cartridges, Inc., John Does, 1-20, | ) | |
| Blue Trading LLC, Exprint International, Inc., | ) | |
| LD Products, Inc., Printronic Corporation, | ) | |
| Tesen Development (Hong Kong) Co. Ltd., | ) | |
| Benigno Aveda And His Companies, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## AMENDED MOTION OF *AMICI CURIAE* INTERNATIONAL IMAGING TECHNOLOGY COUNCIL, AUTO CARE ASSOCIATION, AND AUTOMOTIVE PARTS REMANUFACTURERS ASSOCIATION FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT IN SUPPORT OF DEFENDANT-APPELLANT-CROSS-APPELLEE

Pursuant to Fed. R. App. P. 27 and 29(g), *amici curiae* International Imaging Technology Council, Auto Care Association, and Automotive Parts Remanufacturers Association (the "Remanufacturing Associations") hereby amend their motion to participate in oral argument in support of Impression

Products, Inc., the defendant-appellant-cross-appellee in this appeal. The

basic request remains the same, *i.e.*, that the Remanufacturing Associations

would address in oral argument (as in their brief) the issue presented by

Lexmark's cross-appeal: That the district court correctly held, under *Quanta*

*Computer, Inc. v. LG Elecs., Inc.,* 553 U.S. 617 (2008), that post-sale use

conditions do not prevent patent exhaustion because its sales are authorized.

The amendment by this filing requests that the Court allot more than 15

minutes per side to the argument so as to permit the parties and the *amici*

sufficient time to address this issue.

     The Remanufacturing Associations state, in compliance with Fed. R.

App. P. 26(b)(3), that Impression Products consents to this Amended

Motion, and that plaintiff-appellee-cross-appellant Lexmark International

Inc. does not consent to the Amended Motion and intends to file an

opposition.

     In support of its Amended Motion, the Remanufacturing Associations

state as follows:

     1.    Federal Rule of Appellate Procedure 29(g) states that *amici*

*curiae* may participate in oral argument with leave of the Court. The last

substantive amendments to Rule 29 in 1998, removed the prior requirement

that permission would be granted "only for extraordinary reasons." The

Advisory Committee Notes explained the reason for the deletion:  "The change is made to reflect more accurately the current practice in which it is not unusual for a court to permit an amicus to argue when a party is willing to share its argument time with the amicus." Here, as noted above, Impression Products consents to this Motion. Thus, permitting the Remanufacturing Associations to participate in oral argument would be consistent with current practice among the courts.

2.     The Remanufacturing Associations' participation in oral argument could assist the Court in deciding an important question of law. Repair businesses and sources of supply in numerous industries owe their very existence to the doctrine of patent exhaustion upon first sale. Lexmark's appeal (and the Remanufacturing Associations' brief) reach beyond a narrow set of facts to the broader legal question of whether the scope of exhaustion re-affirmed by the Supreme Court in *Quanta* is subject to a "conditional sales" exception. Specifically, this appeal calls upon the Court to determine how the Supreme Court's decision in *Quanta* should be applied in cases where a contractual restriction such as the Lexmark Return program terms seeks to limit post-sale uses of a product covered by one or more patents, in order to prevent competition for repairing and recycling used products. All district courts to have considered the question (including

two cases involving the Lexmark "return" terms at issue in this appeal) have

held, and a majority of commentators have reasoned, that *Quanta*'s reversal

of this Court's *Bizcom* decision[1] necessarily reversed *sub silentio* the

principles that dictated the outcome in *Bizcom*. *See* Brief *Amicus Curiae* of

the Remanufacturing Associations at 14-16.

     This appeal affords this Court the first occasion post-*Quanta* to

address this important issue. Impression Products represents one competitor

affected by a specific practice engaged in by Lexmark. By contrast, the

Remanufacturing Associations more comprehensively reflect the concerns of

additional, distinct industries. Therefore, *amici* believe that this Court would

benefit from oral argument informed by *amici*'s broader perspectives,

including the impact of patent exhaustion upon domestic businesses engaged

in lawful repair under *Quanta*, and the consequences of the Court's decision

for competitors in aftermarkets for replacement supplies and lawful repair,

for patent and antitrust law, and for consumers and ecommerce.

     3.    Additional time for oral argument would benefit the Court in

addressing this important issue. The appeal and cross-appeal in this case

each require the Court to consider how an intervening opinion of the

Supreme Court may affect long-standing applications of the patent

---

[1] *LG Elecs., Inc. v. Bizcom Elecs., Inc.*, 453 F.3d 1364 (Fed. Cir. 2006).

exhaustion doctrine by this Court. More than 20 years ago, this Court first articulated the "conditional sales" doctrine that Lexmark relies upon in its cross-appeal and, as noted *supra* at 3-4, the weight of district court and scholarly opinion holds that the doctrine does not survive post-*Quanta*. As set forth in our *amicus* brief, the future of diverse multi-billion dollar domestic industries that rely on refurbishment and repair may lie in the balance. Thus, this cross-appeal is not an ordinary case requiring the application of existing law to particular sets of facts, where the ordinary time limits should apply -- it implicates far-reaching decisions as to the law of exhaustion itself. This Court therefore should allot additional time so that the parties and *amici* can present full argument and respond to all the Court's questions addressing the impact of Supreme Court case law on this Court's precedents.

4.     Whereas Impression Products focused its arguments primarily on its appeal concerning exhaustion upon a foreign first sale, the Remanufacturing Associations focused solely on the domestic patent exhaustion issue in Lexmark's cross-appeal. Consequently, the Remanufacturing Associations' brief provided the deeper and more comprehensive analysis of Supreme Court case law relevant to the outcome of Lexmark's appeal. The Remanufacturing Associations respectfully submit

that the Court could benefit from oral argument from *amici* who have addressed this important issue in greater depth and detail.

5. The importance of legal arguments and policy issues raised by the Remanufacturing Associations also is reflected in the attention given them by Lexmark's Reply brief. More than 90 times over 23 pages, Lexmark responds to the *amici* and their brief. Virtually every reference by Lexmark to Impression Products is followed by "and its *amici*." And the single longest section of Lexmark's brief (section II) is a dedicated response to arguments raised by the Remanufacturing Associations. By its Reply, then, Lexmark attests to the unique and relevant value the Remanufacturing Associations already have contributed to a thorough evaluation of the principles at stake in this case. The Remanufacturing Associations respectfully request leave to further these contributions through oral argument and by response to the Court's questions.

WHEREFORE, the Remanufacturing Associations respectfully request that this Amended Motion be granted: that the Court should allot additional time for oral argument, and that the Remanufacturing Associations be granted leave to participate in oral argument.

Date: January 9, 2015             Respectfully submitted,


*/s/ Seth D. Greenstein*
Seth D. Greenstein
*sgreenstein@constantinecannon.com*
CONSTANTINE CANNON LLP
1001 Pennsylvania Avenue, NW
Suite 1350 North
Washington, D.C.  20004
Telephone: (202) 204-3500
Facsimile:  (202) 204-3501

Attorneys for *Amicus Curiae*
International Imaging Technology
Council, Auto Care Association, and
Automotive Parts Remanufacturers
Association

## CERTIFICATE OF INTEREST

*Amici curiae* International Imaging Technology Council, Auto Care Association, and Automotive Parts Remanufacturers Association are not-for-profit associations that have no parent corporations, and no publicly held corporation owns 10 percent or more of the stock in any of the *amici*.

Date:  January 9, 2015

/s/ Seth D. Greenstein
SETH D. GREENSTEIN
CONSTANTINE CANNON LLP
1001 Pennsylvania Ave., N.W.
Suite 1300N
Washington, D.C. 20004
(202) 204-3500

*Counsel for Amicus Curiae*

## CERTIFICATE OF SERVICE

I certify that on January 9, 2015 the foregoing Amended Motion was served on all parties or their counsel of record through the CM/ECF system.

/s/ Seth D. Greenstein
SETH D. GREENSTEIN
CONSTANTINE CANNON LLP
1001 Pennsylvania Ave., N.W.
Suite 1300N
Washington, D.C. 20004
(202) 204-3500

*Counsel for Amicus Curiae*