Nos. 14-1617, -1619

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

LEXMARK INTERNATIONAL, INC.,
*Plaintiff-Cross Appellant*,

v.

IMPRESSION PRODUCTS, INC.,
*Defendant-Appellant,*

QUALITY CARTRIDGES, INC., JOHN DOES, 1–20, BLUE TRADING LLC, EXPRINT INTERNATIONAL, INC., LD PRODUCTS, INC., PRINTRONIC CORPORATION, TESEN DEVELOPMENT (HONG KONG) CO. LTD., BENIGNO ADEVA AND HIS COMPANIES,
*Defendants.*

Appeals from the United States District Court for the
Southern District of Ohio in Case No. 10-CV-564
Judge Michael R. Barrett

**RESPONSE IN OPPOSITION TO AMENDED MOTION OF *AMICI CURIAE* FOR INCREASED ORAL ARGUMENT TIME, AND FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT**

TIMOTHY C. MEECE
V. BRYAN MEDLOCK, JR.
JASON S. SHULL
AUDRA C. EIDEM HEINZE
BANNER & WITCOFF, LTD.
Ten South Wacker Drive
Chicago, IL 60606
Telephone: (312) 463-5420
Facsimile: (312) 463-5720
tmeece@bannerwitcoff.com

STEVEN B. LOY
STOLL KEENON OGDEN PLLC
300 W. Vine Street
Lexington, KY 40507

CONSTANTINE L. TRELA, JR.
SIDLEY AUSTIN LLP
One South Dearborn St.
Chicago, IL 60603
Telephone: (312) 853-7293
Facsimile: (312) 853-7036
ctrela@sidley.com

BENJAMIN J. BEATON
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005

*Counsel for Lexmark International, Inc.*

Plaintiff-Cross Appellant Lexmark International, Inc., by its counsel, hereby opposes the amended motion of *Amici* "Remanufacturing Associations" to increase the time allotted for argument in this case, and for leave to participate in the oral argument. (Dkt. 66.) *Amici*'s request to assume an extraordinary role at oral argument reflects their inappropriate efforts to expand the issues presented for this Court's review beyond the record in this case. The motion should be denied.

1. Federal Rule of Appellate Procedure 29(g) specifies that "amicus curiae may participate in oral argument only with the court's permission." The Advisory Committee's Note on the 1998 Amendment to Rule 29(g) indicates that "extraordinary reasons" are no longer required for amicus participation in oral argument "when a party is willing to share its argument time with the amicus." "[I]n other instances," the Note clarifies, the Committee did not intend that "an amicus will be permitted to argue absent extraordinary circumstances."

2. *Amici*'s first motion to participate in argument indicated that Defendant-Appellant Impression Products, Inc., consented to *Amici*'s request. The motion clearly implied that Impression's consent included a willingness to share its argument time:

> "'[Under] the current practice … it is not unusual for a court to permit an amicus to argue when a party is willing to share its argument time with the amicus.' Here … Impression Products consents to this Motion. Thus, permitting the Remanufacturing Associations to

>    participate in oral argument would be consistent with
>    current practice among the courts."

(Mot. at 2–3 (Dkt. 62) (quoting Fed. R. App. Proc. 29 (Advisory Committee Note)).)

3. No party, however, has consented to share argument time. *Amici*'s amended motion repeats the language quoted above, but fails to acknowledge that Impression Products did not consent to *Amici*'s request to share argument time. (Am. Mot. at 2–3 (Dkt. 66).)

4. Impression Products' refusal to share time with its *Amici* is the reason the amended motion seeks to expand the length of the argument. *Amici* "request that the Court allot more than 15 minutes per side to the argument so as to permit the parties and the *amici* sufficient time to address this issue." (*Id.* at 2.) This request contradicts *Amici*'s assertion that permitting them "to participate in oral argument would be consistent with the current practice among the courts." (*Id.* at 3.) As the Advisory Committee Note to Rule 29 makes clear, expanding the time allotted for argument so that *amici* may participate is *not* "the current practice among the courts." In instances where, as here, the parties do not consent to share time, "extraordinary circumstances" are required for *amicus* participation.

5. *Amici* have identified no extraordinary circumstances that would justify expanding the length of argument to include an additional non-party participant. The amended motion repeatedly alludes to the "broader perspectives"

of the various industries represented by *Amici*. (*E.g.,* Am. Mot. at 4.) But it never indicates why this affects the legal principle in question. Nor does the amended motion explain why the arguments *amici* seek to raise are not sufficiently explained in their 27-page brief. Or, for that matter, why Impression Products will not adequately present the relevant arguments to this Court. In virtually every appeal in which an *amicus* participates, of course, briefs alone are sufficient to convey "broader perspectives" without the need for amplification at an extended oral argument.

6. *Amici* also state that "[t]his appeal affords this Court the first occasion post-*Quanta* to address th[e] important issue" of whether *Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617 (2008), "necessarily reversed *sub silentio* the principles" of *Mallinckrodt, Inc. v. Medipart, Inc.*, 976 F.2d 700 (Fed. Cir. 1992). (Am. Mot. at 3.) This is both incorrect and irrelevant to the motion. Since *Quanta* was decided in 2008, the *en banc* Court considered *Mallinckrodt* directly in *Princo Corp. v. ITC*, 616 F.3d 1318 (Fed. Cir. 2010), and a panel confronted it again in *Monsanto Co. v. Bowman*, 657 F.3d 1341 (Fed. Cir. 2011). The questions of *stare decisis* raised here, though important, are not unusually complex or far-reaching. Moreover, they have been addressed by the parties in their briefs and can be adequately addressed by the parties at oral argument, without the need for "assistance" from these *amici*.

7. Far from being extraordinarily helpful, *Amici*'s participation would in fact likely hinder this Court's review. Both motions omit to mention that counsel for *Amici* also represents Static Control Components, a microchip producer, in pending litigation against Lexmark involving the same toner cartridges, the same single-use licenses, and the same exhaustion defense. *See Static Control Components, Inc. v. Lexmark Intl., Inc.,* Nos. 02-571, 04-84 (E.D. Ky.). Thus, *Amici* are hardly an ordinary "friend of the Court."

8. This context may explain *Amici*'s focus in their brief on inapplicable policy considerations and disregard for the stipulated facts of this case. If their brief is any guide, much of what *Amici* would address in oral argument would pertain to the *Static Control* litigation, rather than to this case. Indeed, *Amici* confess that they seek to "reach beyond a narrow set of facts to the broader legal question of … the scope of exhaustion" (Am. Mot. at 3), in light of the antitrust, contract-law, and repair arguments raised in the amicus brief but not implicated by this case (Reply Br. 17–23). (*See also* Am. Mot. at 5 ("[T]his cross-appeal is not an ordinary case requiring the application of existing law to particular sets of facts….").)

9. *Amici*'s final contention—that Lexmark's comments in its reply brief concerning their brief shows that additional argument time is warranted—reveals circular logic and would produce perverse incentives. *Amici* describe Lexmark's

reply brief as "attest[ing] to the unique and relevant value the Remanufacturing Associations already have contributed … in this case." (Am. Mot. at 6.) That Lexmark had to devote a separate section of its reply brief to explaining why *Amici*'s various policy arguments lie beyond the scope of the record and stipulated facts, however, scarcely commends those arguments to the Court's further attention. To the contrary, granting argument time would signal to any supposed future *amicus* that by injecting extra-record issues that a party must distinguish, it too might obtain a right to present argument.

      WHEREFORE, for the foregoing reasons, Plaintiff-Cross Appellant Lexmark International, Inc. respectfully requests that this Court deny *Amici*'s amended motion.

Dated: January 15, 2015               Respectfully submitted,

                                                 /s/ Constantine L. Trela, Jr.

TIMOTHY C. MEECE  CONSTANTINE L. TRELA, JR.
V. BRYAN MEDLOCK, JR.  SIDLEY AUSTIN LLP
JASON S. SHULL  One South Dearborn St.
AUDRA C. EIDEM HEINZE  Chicago, IL 60603
BANNER & WITCOFF, LTD.  Telephone: (312) 853-7293
Ten South Wacker Drive  Facsimile: (312) 853-7036
Chicago, IL 60606  ctrela@sidley.com
Telephone: (312) 463-5420
Facsimile: (312) 463-5720
tmeece@bannerwitcoff.com

STEVEN B. LOY  BENJAMIN J. BEATON
STOLL KEENON OGDEN PLCC  SIDLEY AUSTIN LLP
300 W. Vine Street  1501 K Street, NW
Lexington, KY 40507  Washington, DC 20005
Telephone: (859) 231-3000  Telephone: (202) 736-8344
                                                                      Facsimile: (202) 736-8711

*Counsel for Lexmark International, Inc.*

# CERTIFICATE OF INTEREST

Counsel for Plaintiff-Cross Appellant certifies the following:

1. The full name of every party represented by me is:

   Lexmark International, Inc.

2. The name of the real party in interest represented by me is:

   Lexmark International, Inc.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

   None

4. The names of all law firms and the partners or associates who appeared for Lexmark International, Inc. in proceedings before the United States District Court for the Southern District of Ohio, or are expected to appear in this Court, are:

SIDLEY AUSTIN LLP

Constantine L. Trela, Jr., Benjamin J. Beaton

BANNER & WITCOFF LTD

Timothy C. Meece, V. Bryan Medlock, Jason S. Shull, Audra C. Eidem Heinze, Matthew P. Becker, Neil C. Trueman

STOLL KEENON OGDEN PLLC

P. Douglas Barr, William J. Hunter, Jr., Steven B. Loy, Anthony J. Phelps

DATE: January 15, 2015         /s/ Constantine L. Trela, Jr.
                               CONSTANTINE L. TRELA, JR.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of January, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit through the Court's CM/ECF system.

Participants in this case who are registered CM/ECF users will be served by the appellate CM/ECF system.

                                          /s/ Constantine L. Trela, Jr.
                                          CONSTANTINE L. TRELA, JR.