# United States Court of Appeals for the Federal Circuit

---

**LEXMARK INTERNATIONAL, INC.,**
*Plaintiff-Cross-Appellant*

v.

**IMPRESSION PRODUCTS, INC.,**
*Defendant-Appellant*

**QUALITY CARTRIDGES, INC., JOHN DOES, 1-20, BLUE TRADING LLC, EXPRINT INTERNATIONAL, INC., LD PRODUCTS, INC., PRINTRONIC CORPORATION, TESEN DEVELOPMENT (HONG KONG) CO. LTD., BENIGNO ADEVA AND HIS COMPANIES,**
*Defendants*

---

2014-1617, 2014-1619

---

Appeals from the United States District Court for the Southern District of Ohio in No. 1:10-cv-00564-MRB, Judge Michael R. Barrett.

---

**SUA SPONTE HEARING EN BANC**

---

Before PROST, *Chief Judge*, NEWMAN, LOURIE, DYK, MOORE, O'MALLEY, REYNA, WALLACH, TARANTO, CHEN, and HUGHES, *Circuit Judges.*

PER CURIAM.

# O R D E R

This case was argued before a panel of three judges on March 6, 2015. The panel sua sponte requested a poll on whether to consider this case en banc in the first instance. A poll was conducted and a majority of the judges who are in regular active service voted for sua sponte en banc consideration.

Accordingly,

IT IS ORDERED THAT:

(1) The court sua sponte orders that this case be heard en banc under 28 U.S.C. § 46 and FED. R. APP. P. 35(a). The court en banc shall consist of all circuit judges in regular active service who are not recused or disqualified.

(2) The parties are requested to file new briefs. The briefs should address the following issues:

> (a) The case involves certain sales, made abroad, of articles patented in the United States. In light of *Kirtsaeng v. John Wiley & Sons, Inc.*, 133 S. Ct. 1351 (2012), should this court overrule *Jazz Photo Corp. v. International Trade Commission*, 264 F.3d 1094 (Fed. Cir. 2001), to the extent it ruled that a sale of a patented item outside the United States never gives rise to United States patent exhaustion.
>
> (b) The case involves (i) sales of patented articles to end users under a restriction that they use the articles once and then return them and (ii) sales of the same patented articles to resellers under a restriction that resales take place under the single-use-and-return restriction. Do any of those sales give rise to patent exhaus-

tion? In light of *Quanta Computer, Inc. v. LG Electronics, Inc.*, 553 U.S. 617 (2008), should this court overrule *Mallinckrodt, Inc. v. Medipart, Inc.,* 976 F.2d 700 (Fed. Cir. 1992), to the extent it ruled that a sale of a patented article, when the sale is made under a restriction that is otherwise lawful and within the scope of the patent grant, does not give rise to patent exhaustion?

(3) This appeal will be heard en banc on the basis of the additional briefing ordered herein, and oral argument. An original and thirty copies of new en banc briefs shall be filed, and two copies of each en banc brief shall be served on opposing counsel. Impression Products, Inc.'s en banc brief is due 45 days from the date of this order. Lexmark International, Inc.'s en banc response brief is due within 30 days of service of Impression Products, Inc.'s en banc brief, and the reply brief within 15 days of service of the response brief. Briefs shall adhere to the type-volume limitations set forth in Federal Rule of Appellate Procedure 32 and Federal Circuit Rule 32.

(4) Briefing should be limited to the issues set forth above.

(5) With respect to the Joint Motion for Entry of Stipulated Order Regarding Supplementations of the Record (A2554-66) ("stipulation"), it is the court's understanding that any claims to the stipulation's confidentiality are waived. *See* ECF Nos. 76, 78. Therefore, the court orders that the parties file a copy of the stipulation with the court within 10 days of this order. The court further orders that all exhibits referenced in the stipulation be filed with the court within 10 days. Any redactions to the exhibits must be in compliance with Federal Circuit Rule 28, and limited in nature. If any part of any of the exhibits are marked as confidential, the parties are ordered to

show cause for each redaction, to be filed simultaneously with the filing of the exhibits.

(6)  The court invites the United States Department of Justice to file a brief expressing the views of the United States as amicus curiae.  Other briefs of amici curiae will be entertained, and any such amicus briefs may be filed without consent and leave of court but otherwise must comply with Federal Rule of Appellate Procedure 29 and Federal Circuit Rule 29.

(7)  Oral argument will be held at a time and date to be announced later.

FOR THE COURT

April 14, 2015  /s/ Daniel E. O'Toole
Date  Daniel E. O'Toole
Clerk of Court