IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

LEXMARK INTERNATIONAL, INC.,
                    Plaintiff-Cross-Appellant,

v.

IMPRESSION PRODUCTS, INC.,
                    Defendant-Appellant,

QUALITY CARTRIDGES, INC., JOHN DOES,
1–20, BLUE TRADING LLC, EXPRINT
INTERNATIONAL, INC., LD PRODUCTS,
INC., PRINTRONIC CORPORATION, TESEN
DEVELOPMENT (HONG KONG) CO. LTD.,
BENIGNO ADEVA AND HIS COMPANIES,
                    Defendants.

Nos. 14-1617, 14-1619

**UNOPPOSED MOTION OF THE UNITED STATES
FOR 10-DAY EXTENSION OF TIME IN WHICH TO FILE
A BRIEF AS AMICUS CURIAE**

The United States respectfully requests a 10-day extension of time, to

and including June 29, 2015, of the time for filing a brief as amicus curiae in

this matter.  As explained below, the extension is necessary to allow the

Solicitor General to determine whether the United States should file an

amicus brief in this case, *see* 28 C.F.R. § 0.20(c), and to prepare an appropriate brief if the Solicitor General determines that an amicus filing in support of appellant or neither party is warranted. This motion is unopposed.

1. This Court sua sponte ordered hearing en banc in this case, directing the parties to address two issues in supplemental briefing:

> (a) The case involves certain sales, made abroad, of articles patented in the United States. In light of *Kirtsaeng v. John Wiley & Sons, Inc.*, 133 S. Ct. 1351 (2012), should this court overrule *Jazz Photo Corp. v. International Trade Commission*, 264 F.3d 1094 (Fed. Cir. 2001), to the extent it ruled that a sale of a patented item outside the United States never gives rise to United States patent exhaustion.

> (b) The case involves (i) sales of patented articles to end users under a restriction that they use the articles once and then return them and (ii) sales of the same patented articles to resellers under a restriction that resales take place under the single-use-and-return restriction. Do any of those sales give rise to patent exhaustion? In light of *Quanta Computer, Inc. v. LG Electronics, Inc.*, 553 U.S. 617 (2008), should this court overrule *Mallinckrodt, Inc. v. Medipart, Inc.*, 976 F.2d 700 (Fed. Cir. 1992), to the extent it ruled that a sale of a patented article, when the sale is made under a restriction that is otherwise lawful and within the scope of the patent grant, does not give rise to patent exhaustion?

In its en banc order, this Court "invite[d] the United States Department of Justice to file a brief expressing the views of the United States as amicus curiae."

2.   The opening brief for Impression Products is due today, June 12, 2015.  An amicus brief in support of Impression Products, or in support of neither party, would be due on June 19, 2015.  Lexmark's brief is due 30 days after service of Impression Products's brief, and an amicus brief in support of Lexmark would be due a week later.

3.  We respectfully request a 10-day extension, to and including June 29, 2015, of the time in which to file an amicus brief on behalf of the United States.  Under 28 C.F.R. § 0.20(c), the Solicitor General is responsible for deciding whether, and on what issues, the United States will participate as amicus curiae in the federal courts of appeals.  The modest requested extension is necessary to enable the Solicitor General to decide whether such participation is warranted here.

4.  The two certified questions present complex issues of law that implicate the interests of numerous parts of the Executive Branch,

including the U.S. Patent and Trademark Office, the Antitrust Division of the Department of Justice, the International Trade Commission, and the State Department. Consultation with these and other governmental entities is required in order for the Solicitor General to determine whether to participate as amicus curiae in this case, and if so, what the contents of any governmental filing should be.

5. In addition, Mark R. Freeman and Melissa N. Patterson, the Department of Justice attorneys with primary responsibility for making any filing in this case if authorized by the Solicitor General, have both committed to appear as speakers at the Federal Circuit Bench & Bar Conference in Dana Point, CA on June 25, 2015 and June 26, 2015, respectively. The requested deadline of June 29, 2015 will permit them to make any filing in this case while fulfilling those commitments.

6. We have conferred with counsel for the parties and are authorized to state that this motion is unopposed.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant the United States an additional 10 days, to and including June 29, 2015, in which to file an amicus brief on behalf the government, in the event the Solicitor General determines such a filing is warranted.

Respectfully submitted,

MARK R. FREEMAN
(202) 514-5714

 /s/ **Melissa N. Patterson**
MELISSA N. PATTERSON
(202) 514-1201
   Attorneys, Appellate Staff
   Civil Division
   U.S. Department of Justice
   950 Pennsylvania Ave., N.W.
   Room 7230
   Washington, D.C.  20530

JUNE 2015

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2015, I electronically filed the foregoing motion with the Clerk of the Court by using the appellate CM/ECF system.

I certify that the participants in this appeal are represented by registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system, except for the following, who will be served by U.S. mail:

> Frederick M. Abbott
> Florida State University College of Law
> 425 West Jefferson Street
> Tallahassee, FL 32301
>
> Margreth Barrett
> University of California - Hastings College of Law
> PO Box 347
> The Sea Ranch, CA 95497
>
> Tihua Huang
> Cadwalader, Wickersham & Taft LLP
> 700 6th Street NW
> Washington, DC 20001

Lisa K. Jorgenson
American Intellectual Property Law Association
241 18th Street, South
Suite 700
Arlington, VA 22202


/s/ **Melissa N. Patterson**
MELISSA N. PATTERSON