# No. 14-1617, 14-1619

## UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

LEXMARK INTERNATIONAL, INC.,

*Plaintiff-Cross-Appellant*,

– v. –

IMPRESSION PRODUCTS, INC.,

*Defendant-Appellant*,

QUALITY CARTRIDGES, INC., JOHN DOES, 1-20,
BLUE TRADING LLC, EXPRINT INTERNATIONAL, INC.,
LD PRODUCTS, INC., PRINTRONIC CORPORATION,
TESEN DEVELOPMENT (HONG KONG) CO. LTD.,
BENIGNO ADEVA AND HIS COMPANIES,

*Defendants*.

Appeal from the U.S. District Court for the Southern District of Ohio
No. 1:10-cv-564-MRB, The Honorable Michael R. Barrett

## MOTION OF LG ELECTRONICS, INC., DELL INC., GOOGLE INC., INTEL CORPORATION, L BRANDS INC., NEWEGG INC., NINESTAR IMAGE TECH LIMITED, QVC, INC., SAMSUNG ELECTRONICS CO., LTD., SAS INSTITUTE, INC., and XILINX, INC. FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT

James Suh
LG Electronics Inc.
Intellectual Property Center
19, Yangjae-daero 11gil,
Seocho-gu
Seoul, Korea 137-130
+82 (0)2 6912 6515

*Counsel for LG Electronics, Inc.*

Andrew J. Pincus
Jamie B. Beaber
Kfir B. Levy
Paul W. Hughes
Mayer Brown LLP
1999 K Street, N.W.
Washington, D.C. 20006
(202) 263-3000

*Counsel for* amici curiae

# CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rule 47.4, Andrew J. Pincus, counsel for *Amici Curiae*, certifies the following:

1.  The full name of every party or amicus we represent is:

LG Electronics, Inc.; Dell Inc.; Google Inc.; Intel Corporation; L Brands Inc.; Newegg Inc.; Ninestar Image Tech Limited; QVC, Inc.; Samsung Electronics Co., Ltd.; SAS Institute, Inc.; and Xilinx, Inc.

2.  The name of the real party in interest (if not named in the caption) that we represent is:

Not applicable.

3.  All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party that we represent are:

LG Corporation owns more than 10% of LG Electronics, Inc.'s stock. No other publicly held corporation owns 10% or more of LG Electronics, Inc.'s stock.

Dell Inc. is a privately held corporation and its direct parent company is Denali Intermediate Inc. No publicly held corporation owns 10% or more of Denali Intermediate Inc.'s stock.

Google Inc. has no parent company. No publicly held corporation owns 10% or more of Google's stock.

Intel Corporation has no parent company. No publicly held corporation owns 10% or more of Intel's stock.

L Brands Inc. has no parent company. No publicly held corporation owns 10% or more of L Brands' stock.

Newegg Inc. has no parent company. No publicly held corporation owns 10% or more of Newegg Inc.'s stock.

Ninestar Image Tech Limited is owned by Zhuhai Seine Technology Co., Ltd. No publicly held corporation owns 10% or more of Zhuhai Seine Technology Co., Ltd.'s stock.

QVC, Inc. is a wholly owned subsidiary of Liberty Interactive Corporation. It is attributed to the QVC Group tracking stock (NASDAQ: QVCA, QVCB).

Samsung Electronics Co., Ltd. has no parent company. No publicly held corporation owns 10% or more of Samsung Electronics Co., Ltd.'s stock.

SAS Institute Inc. has no parent company. No publicly held corporation owns 10% or more of SAS Institute's stock.

Xilinx, Inc. has no parent company. No publicly held corporation owns 10% or more of Xilinx's stock.

4. The names of all law firms and the partners and associates that appeared for appellants in the trial court or are expected to appear in this Court are:

Mayer Brown LLP; Andrew J. Pincus; Jamie B. Beaber; Kfir B. Levy; Paul W. Hughes.

September 8, 2015

/s/ Andrew J. Pincus
Andrew J. Pincus
Attorney for *Amici Curiae*

# MOTION OF *AMICI CURIAE* FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT

Pursuant to Federal Rules of Appellate Procedure 29(g) and 27(a)(1), *amici curiae* LG Electronics, Inc., Dell Inc., Google Inc., Intel Corporation, L Brands Inc., Newegg Inc., Ninestar Image Tech Limited, QVC, Inc., Samsung Electronics Co., SAS Institute Inc., and Xilinx, Inc. respectfully move for leave to participate in oral argument in this matter, which is scheduled for rehearing *en banc* on October 2, 2015.

Appellant Impression Products wishes to cede 10 minutes of its 30 minutes to *amici*. Accordingly, *amici* respectfully request that the Court permit Impression Products to divide its 30 minutes of argument time, such that Impression Products retains 20 minutes of time, and *amici* are allotted 10 minutes.

1. Appellant Impression Products consents to this request.

2. Lexmark International indicates that it opposes this motion and will file an opposition.

3. *Amici* filed a brief in this matter (*see* Docket No. 196), and represent a broad cross-section of leading technology companies, consumer electronics manufacturers, and retailers.

1

4. Because *amici* represent many of the different types of businesses that will be affected by the Court's decision, a*mici* are uniquely well situated to explain to the Court the practical implications of the issues under consideration. Manufacturers, for example, require certainty regarding their ability to incorporate into their products the components duly acquired by their supply chain. Retailers, likewise, depend on the ability to resell products that they lawfully purchase from U.S. patentees and authorized licensees. *Amici* also own thousands of patents and may accordingly provide views as to the implications of the rules at issue for patent portfolios.

5. *Amici*'s brief also addresses in detail the legal issues before the Court. *Amici* discuss, for example, whether *Kirtsaeng* and *Quanta* undermine the holding in *Jazz Photo*. Br. at 11-19. They also address the history and importance of the underlying common law rule. *Id*. at 19-23. And *amici* explain the Supreme Court's holdings with respect to the conditional sale doctrine. *Id*. at 24-33.

6. For these reasons, *amici* respectfully submit that their participation in argument would benefit the Court's consideration and resolution of the issues presented in this case.

7. Moreover, as the Advisory Committee's Notes to the 1998 amendments to the Rules of Appellate Procedure observe, the "current practice" of the courts of appeals is often to "permit an amicus to argue when a party is willing to share its argument time with the amicus." Fed. R. App. P. 29 (committee note). Here, appellant wishes to share its oral argument time with *amici*.

## CONCLUSION

The Court should grant *amici* leave to participate in oral argument.

Respectfully submitted,

/s/ Andrew J. Pincus

Andrew J. Pincus
Jamie B. Beaber
Kfir B. Levy
Paul W. Hughes
Mayer Brown LLP
1999 K Street, N.W.
Washington, D.C. 20006
(202) 263-3000

*Counsel for* amici curiae

James Suh
LG Electronics Inc.
Intellectual Property Center
19, Yangjae-daero 11gil,
Seocho-gu,
Seoul, Korea 137-130
+82 (0)2 6912 6515

*Counsel for LG Electronics*

Dated: September 8, 2015


## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2015, I served the foregoing motion on all counsel of record via the Court's CM/ECF system. I also served paper copies of this motion by hand on the following counsel:

Timothy Colin Meece
Audra Carol Eidem Heinze
Bryan Medlock, Jr.
Banner & Witcoff, Ltd.
Ten South Wacker Drive
Chicago, IL 60606

Benjamin Beaton
Joshua John Fougere
Sidley Austin LLP
1501 K Street, NW
Washington, DC 20005

Constantine L. Trela, Jr.
Robert N. Hochman
Sidley Austin LLP
Bank One Plaza
1 South Dearborn Street
Chicago, IL 60603

    Respectfully submitted,

    /s/ Andrew J. Pincus
    Andrew J. Pincus
    MAYER BROWN LLP
    1999 K Street, N.W.
    Washington, D.C. 20006
    (202) 263-3000

September 8, 2015