**No. 14-1617, 14-1619**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

LEXMARK INTERNATIONAL, INC.,

*Plaintiff-Cross-Appellant*,

– v. –

IMPRESSION PRODUCTS, INC.,

*Defendant-Appellant*,

QUALITY CARTRIDGES, INC., JOHN DOES, 1-20,
BLUE TRADING LLC, EXPRINT INTERNATIONAL, INC.,
LD PRODUCTS, INC., PRINTRONIC CORPORATION,
TESEN DEVELOPMENT (HONG KONG) CO. LTD.,
BENIGNO ADEVA AND HIS COMPANIES,

*Defendants*.

Appeal from the U.S. District Court for the Southern District of Ohio
No. 1:10-cv-564-MRB, The Honorable Michael R. Barrett

**REPLY IN SUPPORT OF MOTION OF LG ELECTRONICS, INC., DELL INC., GOOGLE INC., INTEL CORPORATION, L BRANDS INC., NEWEGG INC., NINESTAR IMAGE TECH LIMITED, QVC, INC., SAMSUNG ELECTRONICS CO., LTD., SAS INSTITUTE, INC., and XILINX, INC. FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT**

James Suh
LG Electronics Inc.
Intellectual Property Center
19, Yangjae-daero 11gil,
Seocho-gu
Seoul, Korea 137-130
+82 (0)2 6912 6515

*Counsel for LG Electronics, Inc.*

Andrew J. Pincus
Jamie B. Beaber
Kfir B. Levy
Paul W. Hughes
Mayer Brown LLP
1999 K Street, N.W.
Washington, D.C. 20006
(202) 263-3000

*Counsel for* amici curiae

### REPLY IN SUPPORT OF
### MOTION OF *AMICI CURIAE* FOR LEAVE
### TO PARTICIPATE IN ORAL ARGUMENT

Lexmark advances two arguments in opposing *amici*'s request for leave to participate in oral argument: *amici* do not represent the entire business community, because some companies support Lexmark's position; and, if *amici* are allowed to participate, other *amici* may seek argument time. Neither provides grounds for denying *amici*'s motion.

Lexmark does not dispute the governing framework: pursuant to the federal rules, appellate courts typically permit a party to share its time voluntarily with a supporting *amicus* or a single lawyer representing a group of supporting *amici*. *See* Fed. R. App. P. 29, committee note. Here, Impression Products has agreed to cede 10 minutes of its time to *amici*. Lexmark does not even attempt to demonstrate that this proposed division of time would cause it prejudice; in such circumstances, Impression Products' request to cede part of its time should be granted.

Lexmark contends that, because some companies have filed *amicus* briefs on its side, *amici* do not speak for *all* companies. That is surely true, but it is irrelevant.

*Amici* include some of the world's largest companies—including several of the world's leading patent holders. *Amici* are thus well-positioned

to address questions from the Court regarding the realities of the modern marketplace as well as the practical ramifications of the different legal rules proposed in this case. Impression Products, by contrast, is a small business, whose experience is limited to the field of printer cartridges. Given the magnitude of the issues at stake, *amici* submit—and Impression Products agrees—that Impression Products' request to cede 10 minutes of time to *amici* may aid the Court in resolving this matter.

Lexmark also suggests that, if the Court permits *amici* to participate, other, unnamed *amici* may subsequently request argument time. But Impression Products can reject any such requests from others. If Lexmark wishes to retain all of its time, then it may reject such requests as well. A motion for divided argument made by an *amicus* party *without* the approval of the party being supported is, of course, a wholly different matter. But that is not the case here. (Lexmark could, of course, agree voluntarily to cede time to one supporting *amicus* or group of *amici*, but it apparently has chosen not to do so.)

To be sure, if a party asked to cede its time to *multiple amici*, the Court could reject the request as unduly disruptive. But when, as here, a party identifies a single group with which it wishes to share time, that request ordinarily should be granted. And it is especially appropriate

when, as here, *amici* can provide the Court a significantly broader range of experience than the party itself.

## CONCLUSION

The Court should grant *amici* leave to participate in oral argument.

Respectfully submitted,

/s/ Andrew J. Pincus

| | |
|---|---|
| James Suh | Andrew J. Pincus |
| LG Electronics Inc. | Jamie B. Beaber |
| Intellectual Property Center | Kfir B. Levy |
| 19, Yangjae-daero 11gil, | Paul W. Hughes |
| Seocho-gu, | Mayer Brown LLP |
| Seoul, Korea  137-130 | 1999 K Street, N.W. |
| +82 (0)2 6912 6515 | Washington, D.C. 20006 |
| | (202) 263-3000 |
| *Counsel for LG Electronics* | *Counsel for* amici curiae |

Dated: September 21, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2015, I served the foregoing motion on all counsel of record via the Court's CM/ECF system.

                                          Respectfully submitted,

                                          /s/ Andrew J. Pincus
                                          Andrew J. Pincus
                                          MAYER BROWN LLP
                                          1999 K Street, N.W.
                                          Washington, D.C. 20006
                                          (202) 263-3000

September 21, 2015