# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## NOTICE OF ENTRY OF
## JUDGMENT ACCOMPANIED BY OPINION

CORRECTED OPINION FILED AND JUDGMENT ENTERED: 02/12/2016

The attached opinion announcing the judgment of the court in your case was filed and judgment was entered on the date indicated above. The mandate will be issued in due course.

Information is also provided about petitions for rehearing and suggestions for rehearing en banc. The questions and answers are those frequently asked and answered by the Clerk's Office.

Costs are taxed against the appellant in favor of the appellee under Rule 39. The party entitled to costs is provided a bill of costs form and an instruction sheet with this notice.

The parties are encouraged to stipulate to the costs. A bill of costs will be presumed correct in the absence of a timely filed objection.

Costs are payable to the party awarded costs. If costs are awarded to the government, they should be paid to the Treasurer of the United States. Where costs are awarded against the government, payment should be made to the person(s) designated under the governing statutes, the court's orders, and the parties' written settlement agreements. In cases between private parties, payment should be made to counsel for the party awarded costs or, if the party is not represented by counsel, to the party pro se. Payment of costs should not be sent to the court. Costs should be paid promptly.

If the court also imposed monetary sanctions, they are payable to the opposing party unless the court's opinion provides otherwise. Sanctions should be paid in the same way as costs.

Regarding exhibits and visual aids: Your attention is directed Fed. R. App. P. 34(g) which states that the clerk may destroy or dispose of the exhibits if counsel does not reclaim them within a reasonable time after the clerk gives notice to remove them. (The clerk deems a reasonable time to be 15 days from the date the final mandate is issued.)

FOR THE COURT

/s/ Daniel E. O'Toole

Daniel E. O'Toole
Clerk of Court

cc: Frederick M. Abbott
John R. Alison III
Christa M. Anderson
James Scott Ballenger
P. Douglas Barr
Margreth Barrett
Jamie B. Beaber
Benjamin Beaton
Sara Beccia
Garrard R. Beeney
Merritt Blakeslee
Adam R. Brebner
Roger Brooks

Sarah Burg
Gino Cheng
Joseph S. Cianfrani
Kathi A. Cover
Samuel Drezdzon
Charles Duan
Barbara A. Fiacco
Theodore Lawrence Field
Joshua John Fougere
Mark R. Freeman
Seth David Greenstein
Jennifer Herbst Hamilton
Walter E. Hanley Jr.
Robert T. Haslam
John D. Haynes
Timothy P. Heaton
Audra Carol Eidem Heinze
Steven A. Hirsch
Robert N. Hochman
Tihua Huang
Paul Whitfield Hughes
Matthew R. Hulse
Katherine H. Johnson
Philip Staton Johnson
Lisa K. Jorgenson
David J. Kappos
William Douglas Kari
James R. Klaiber
Leo L. Lam
Kristan Lynn Lansbery
Noah Leibowitz
Michael Brett Levin
Kfir Levy
Matthew A. Levy
Charles Lifland
Steven B. Loy
Phillip R. Malone
Bryan Medlock Jr.
Timothy Colin Meece
Matthew J. Moore
John Nilsson
Willow White Noonan
Edward F. O'Connor I
Brian P. O'Shaughnessy
Mohammed Raza Panjwani
Melissa N. Patterson
Jeffrey Theodore Pearlman
Aaron Ligoury Joseph Pereira
Andrew John Pincus
Vera Ranieri
Maura L. Rees
Kevin H. Rhodes
Susan Roeder
David F. Ryan
Meenakshi Kala Sarvaiya
Christopher M. Scharff
Mark Schonfeld
Steven C. Sereboff
Nathan Shaffer
Melissa Arbus Sherry
Jason Steven Shull
Kent N. Shum

Owais Ahmed Siddiqui
Sherwin Siy
David S. Steuer
Daniel Stringfield
Ranganath Sudarshan
James Suh
Robert Anthony Surrette
Robert P. Taylor
Constantine L. Trela Jr.
Susan Van Keulen
Robert A. Van Nest
Herbert Clare Wamsley Jr.
Peter James Wied
Vincent K. Yip
Kristin Leigh Yohannan Moore

14-1617 - Lexmark International, Inc. v. Impression Products, Inc.
United States District Court for the Southern District of Ohio, Case No. 1:10-cv-00564-MRB